**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ADONIS GONZALEZ, derivatively on behalf of ASTRA SPACE INC. F/K/A HOLICITY INC.,

Plaintiff,

vs.

CHRIS C. KEMP, KELYN BRANNON, STEVEN EDNIE, ADAM LONDON, MICHÈLE FLOURNOY, MICHAEL LEHMAN, CRAIG O. MCCAW, LISA NELSON, SCOTT STANFORD, RANDY RUSSELL, R. GERARD SALEMME, DENNIS WEIBLING, WAYNE PERRY, and CATHLEEN A. MASSEY,

Defendants,

and

ASTRA SPACE INC. F/K/A HOLICITY INC.,

Nominal Defendant.

Case No.: 22-cv-02401-ENV-MMH

**STIPULATION [AND PROPOSED ORDER] TO TRANSFER VENUE AND AMEND SCHEDULE**

WHEREAS, on April 27, 2022, plaintiff Adonis Gonzalez ("Plaintiff") commenced this action (the "Derivative Action") in the United States District Court for the Eastern District of New York by filing a shareholder derivative complaint (the "Complaint") against Nominal Defendant Astra Space Inc. ("Astra"), and certain of Astra's current and former officers, Individual Defendants Chris Kemp, Kelyn Brannon, Steven Ednie, Adam London, Michele Flournoy, Michael Lehman, Craig O. McCaw, Lisa Nelson, and Scott Stanford (collectively with Astra, the "Original Defendants") (ECF No. 1);

WHEREAS, on June 2, 2022, the Court granted Plaintiff leave to file an amended complaint within 30 days of the amended complaint being filed in the securities class action (the "Securities Class Action") underlying this Action, which at the time was pending in this Court (*see* Case No. 22-CV-737, E.D.N.Y.);

WHEREAS, on November 30, 2022, Magistrate Judge Marcia M. Henry signed an order granting the Securities Class Action parties' stipulation and proposed order to transfer venue from the Eastern District of New York to the Northern District of California (*see id.*, ECF No. 38);

WHEREAS, on December 14, 2022, the Securities Class Action was subsequently docketed in the Northern District of California, where it is pending before Judge Breyer (*see* Case No. 3:22-CV-08875-CRB, N.D. Cal., ECF. No. 37-39);

WHEREAS, on January 25, 2023, Plaintiff filed an amended complaint (the "Amended Complaint") in this Derivative Action against the Original Defendants and the following additional Individual Defendants: Randy Russell, R. Gerard Salemme, Dennis Weibling, Wayne Perry, and Cathleen A. Massey (the "New Defendants") (ECF No. 24);

WHEREAS, on February 2, 2023, the Original Defendants filed a Motion for a Pre-Motion Conference re Defendants' Motion to Transfer Venue with this Court pursuant to 28 U.S.C. § 1404(a) (ECF No. 25);

WHEREAS, 28 U.S.C. § 1404(a) ("Section 1404") provides that "[f]or the convenience of parties and witnesses . . . a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented";

WHEREAS, the Amended Complaint includes derivative claims based on alleged violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and for Contribution Under Sections 10(b) and 21D of the Exchange Act;

WHEREAS, venue of an Exchange Act claim is governed by 15 U.S.C. § 78aa(a) and provides that Exchange Act actions "may be brought . . . in the district wherein the defendant is found or is an inhabitant or transacts business";

WHEREAS, the Northern District of California is a proper venue for this Derivative Action because, among other reasons, Defendant Astra is headquartered in and transacts business from Alameda, California, and various defendants reside in the Northern District of California;

WHEREAS, courts in this Circuit regularly transfer cases to districts where a related action is pending (*See APA Excelsior III L.P. v. Premiere Techs., Inc.*, 49 F.Supp.2d 664, 668 (S.D.N.Y. 1999) ("Litigating related claims in the same tribunal allows for more efficient pretrial discovery, avoids [duplicative] litigation, prevents inconsistent results, and saves time[ ] and expense for both parties and witnesses."); *see also Laborers Loc. 100 & 397 Pension Fund v. Bausch & Lomb Inc.*, 2006 WL 1524590, at *4 (S.D.N.Y. June 5, 2006));

WHEREAS, Plaintiff's Amended Complaint is related to the Securities Class Action because it makes allegations based on some of the same facts, circumstances, and conduct upon which allegations in the Securities Class Action are also based (*see* ECF No. 24 at ¶¶ 23, 95);

WHEREAS, the statements challenged in the Complaint were prepared, approved, and issued at Astra's headquarters in the Northern District of California, multiple defendants reside in the Northern District of California, other current and former Astra employees who may be called to serve as witnesses in this Derivative Action reside and work in the Northern District of

California, and Astra's electronic records are located on servers primarily accessed at Astra's headquarters in the Northern District of California;

WHEREAS, Plaintiff does not reside in the Eastern District of New York but resides in Palm Beach County, Florida (ECF No. 2);

WHEREAS, the Original Defendants' response to the Amended Complaint in this Derivative Action is currently due on February 15, 2023; and

WHEREAS, the New Defendants have not yet been served;

THEREFORE, for the foregoing reasons, and for the convenience of the parties and potential witnesses to this action;

IT IS HEREBY STIPULATED AND AGREED among the undersigned parties as follows:

1. The New Defendants (together with the Original Defendants, "Defendants") hereby accept service of the Amended Complaint;
2. The above-captioned Derivative Action shall be, and hereby is, transferred to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1404(a);
3. The Original Defendants' February 15, 2023 deadline to respond to Plaintiff's Amended Complaint shall be, and hereby is, held in abeyance pending this Derivative Action's transfer to the Northern District of California;
4. The Defendants shall answer, move, or otherwise respond to the Amended Complaint within 60 days after this Derivative Action is docketed in the Northern District of California;
5. Plaintiff shall file any opposition to the Defendants' anticipated motion to dismiss within 60 days thereof;

6. The Defendants shall file any reply in further support of their motion to dismiss within 30 days of Plaintiff filing of his opposition; and
7. In the event that any of the Defendants seek to stay the Derivative Action or any proceedings thereof, the earliest date at which they may do so shall be the same date that they move to dismiss the Amended Complaint pursuant to Rules 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure pursuant to paragraph 4 above.

**IT IS SO STIPULATED.**

Dated: February 9, 2023

**KATTEN MUCHIN ROSENMAN LLP**

/s/ *Jonathan Rotenberg*
Bruce G. Vanyo
Jonathan Rotenberg
Caroline Sabatier
50 Rockefeller Plaza
New York, NY 10020-1605
Tel: (212) 940-8800
Fax: (212) 940-8776
jonathan.rotenberg@katten.com
bruce@katten.com
caroline.sabatier@katten.com

Paul S. Yong
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Tel: (310) 788-4400
Fax: (310) 788-4471
paul.yong@katten.com

*Counsel For Nominal Defendant Astra Space F/K/A Holicity Inc. and Defendants Chris C. Kemp, Kelyn Brannon, Steven Ednie, Michele Flournoy, Michael Lehman, Adam London, Lisa Nelson, and Scott Stanford*

Respectfully submitted,

**THE BROWN LAW FIRM, P.C.**

/s/ *Timothy Brown*
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Tel: (516) 922-5427
Fax: (516) 344-6204
tbrown@thebrownlawfirm.net

*Counsel For Plaintiff*

**WINSTON & STRAWN LLP**

/s/ *Matthew L. DiRisio*
Matthew L. DiRisio
James P. Smith III
Kerry Donovan
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
mdirisio@winston.com
jpsmith@winston.com
kcdonovan@winston.com

Jeffrey L. Steinfeld
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Tel: (310) 615-1700
Fax: (310) 615-1750
jsteinfeld@winston.com

*Counsel For Defendants Craig O. McCaw, Randy Russell, R. Gerard Salemme, Dennis Weibling, Wayne Perry, and Cathleen A. Massey*




Local Civil Rule 83.1, which requires a seven-day stay of an order directing transfer of venue, is hereby waived. The Clerk of Court is directed to transfer this case, and, following transfer, to close this docket for administrative purposes.